IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA,

v.

STEPHEN LEE SALYER,

Defendant.

CRIMINAL NO. 2:20cr43

## OPINION

On November 16, 2021, this Court sentenced Stephen Lee Salyer ("Defendant") to a term of imprisonment of seventy-four (74) months. This judgment represents a downward variance from the Sentencing Guidelines. This opinion elaborates on the Court's reasons for this downward variance and is to be filed simultaneously with the sentencing judgment order.

### I. BACKGROUND

On June 19, 2020, Defendant was named in a five-count indictment, charging him with Counts One through Four, Receipt of Images of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(2); and Count Five, Possession of Images of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). ECF No. 1. Defendant pleaded guilty to Count One before Magistrate Judge Douglas E. Miller on March 24, 2021. ECF No. 26. The statutory penalty for this offense is five to twenty years of imprisonment. With his guilty plea, Defendant admitted to knowingly receiving "visual depictions and other images . . . depicting actual minors engaging in sexually explicit conduct." ECF No. 27 at 3.

There were no objections to the Presentence Report ("PSR") prepared by the Probation Office. ECF No. 40 at 26. The PSR determined that Defendant's total offense level was thirty-

1

two (32), which represents an adjusted offense level of thirty-five (35) minus three (3) points for acceptance of responsibility. Id. at 13. This offense level incorporates several enhancements that substantially raised the offense level above the base offense level of twenty-two (22). Defendant received enhancements for (1) material involving a prepubescent minor, +2; (2) material that portrays sadistic or masochistic conduct or other depictions of violence, +4; (3) the use of a computer, +2; and (4) possessing more than 600 images, +5. Id. For purposes of guideline calculations, each video in the possession of Defendant is counted as seventy-five (75) images. USSG § 2G2.2, Application Note 4(B)(ii). The PSR determined that one file that Defendant possessed contained 130,127 images of child erotica, 1,741 movies of child erotica, and 55,334 images of child pornography. Id. at 9.

Because Defendant has no prior criminal history, his criminal history category is I. Id. at 14. With a total offense level of thirty-two (32) and a criminal history category of I, the Guidelines recommend a sentence of 121 to 151 months. Id. at 20. This Court held a sentencing hearing on November 16, 2021.

## II. DISCUSSION

To determine an appropriate sentence, this Court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." Nelson v. United States, 555 U.S. 350, 351 (2009). Section 3553(a) requires this Court to consider factors in addition to the need for deterrence in order to arrive at a sentence "sufficient, but not greater than necessary" to comply with the purposes of §3553(a)(2). Section 3553(a) provides in the relevant subsections that

The court, in determining the particular sentence to be imposed, shall consider—

> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> **(2)** the need for the sentence imposed—
>
>> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> **(B)** to afford adequate deterrence to criminal conduct;
>>
>> **(C)** to protect the public from further crimes of the defendant; and
>>
>> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . . . .
>
> **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Defendant's offense was undoubtedly serious, and the need to deter similar conduct is great. The images and videos in Defendant's possession depict the most reprehensible abuse of children. With his possession of such material, Defendant supports the market for those who create this abhorrent material. Defendant's own admission and the forensic evidence both indicate that he had been collecting and viewing this material since 2014. See PSR at 6. There is no excuse for his behavior as a recipient of child pornography. However, it must be considered that this behavior did not include the physical abuse of children, nor did Defendant distribute or transfer any of the child pornography. Moreover, he is not a pedophile or a producer of child pornography.

The Sentencing Guidelines covering the nonproduction of child pornography seem to be solely concerned with the seriousness of the offense and the need for deterrence. However, this appears to be at the expense of differentiating between prototypical non-production child pornography offenses and more egregious offenses involving production of child pornography. Section 2G2.2 of the Guidelines requires this Court to significantly increase Defendant's base offense level of twenty-two (22) because of several enhancements—many tied to the technology

3

used in the offense—that apply in the vast majority of cases of possession or receipt of child pornography. This is especially so now that "non-production child pornography offenses have become almost exclusively Internet-enabled crimes."[1] United States Sentencing Commission, Executive Summary, REPORT TO THE CONGRESS: FEDERAL CHILD PORNOGRAPHY OFFENSES (Dec. 2012) ("2012 REPORT TO CONGRESS"), at ii. According to another study carried out by the Sentencing Commission using data from 2011, 97 percent of non-production child pornography cases involve a computer, 95 percent involve a victim under twelve, 79 percent involve violent images, and 70 percent involved at least 600 images. See United States Sentencing Commission, Use of Guidelines and Specific Offense Characteristics, Fiscal Year 2011, 41–42;[2] see also Executive Summary, 2012 REPORT TO CONGRESS, xi (citing similar numbers—96.2 percent for use of a computer, 96.1 percent for a victim under 12, 74.2 percent for sado-masochistic images, and 96.9 percent for the calculation of image quantity—for the fiscal year 2010). Defendant received all of these enhancements, which added 13 points to his base offense level. Yet, because these enhancements apply in the vast majority of cases, these enhancements, however justifiable in the abstract, do little to differentiate Defendant's conduct from other non-production cases.

Section 3553(a) requires this Court to consider factors in addition to the need for deterrence in order to arrive at a sentence "sufficient, but not greater than necessary" to comply with the purposes of § 3553(a)(2). The Court must consider the "history and characteristics of the defendant." Id § 3553(a)(1). Defendant testified at the sentencing hearing that he is undergoing mental health treatment to deal with his addiction to child pornography, and he also added that he accepted full responsibility for the crime he committed. Additionally, Defendant has a supportive

---

[1] Available at http://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Executive_Summary.pdf.
[2] Available at http://www.ussc.gov/Data_and_Statistics/Federal_Sentencing_Statistics/Guideline_Applicati on_Frequencies/2011/Use_of_Guidelines_and_Specific_Offense_Characteristics.pdf.

4

family that indicated that they intend to remain a part of Defendant's life during and after his term of imprisonment. Defendant has always maintained steady employment. Most notably, from September 12, 2007, until August 26, 2019, Defendant was employed with CarMax as a Senior Automotive Technician. PSR at 18.

Section 3553(a)(6) requires this Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The extensive disparities in sentences given for non-production child pornography offenses under USSG §2G2.2 has been well-documented by the Sentencing Commission and others. See generally, Chapter 8: Examination of Sentencing Disparities in §2G2.2 Cases, 2012 REPORT TO CONGRESS;[3] Melissa Hamilton, Sentencing Adjudication: Lessons from Child Pornography Policy Nullification, 30 GEOR. ST. U. L. REV. 375 (2013). In the 2010 fiscal year only 40.0 percent of non-production defendants received sentences within the guideline ranges. 2012 REPORT TO CONGRESS, at 213. In the 2012 fiscal year, 66 percent of sentences given were below the guideline range. Hamilton, Lessons at 386. The average sentence for non-production children pornography crimes in fiscal year 2011 was about 95 months. Id. at 447. The average for the Fourth Circuit was slightly higher, at 100.43 months. Id. at 449. By contrast, Defendant's guideline range for the present offense is 121 to 151 months.

After consideration of the Guidelines recommendation and the § 3553(a) factors, the Court determined that a downward variance from the Guidelines was warranted in this case. Although Defendant's conduct was reprehensible, the Court determined that a sentence below the Guidelines would be sufficient but not greater than necessary to comply with the need for a sentence as defined by § 3553(a)(2). The Court is confident that a sentence of more than six (6) years in prison will

---

[3] Available at http://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Chapter_08.pdf

5

deter the Defendant from similar conduct in the future. Defendant is not a child molester; there is nothing to distinguish his case from other non-production cases where the Federal District Courts have frequently departed downward. The average sentence for conduct similar to Defendant's, in this circuit and throughout the United States, is far below the bottom of the guideline-recommended sentence: a sentence within the Guidelines would create a disparity. Additionally, Defendant has shown complete acceptance of guilt, and he is working with mental health professionals to assist him with his child pornography addiction. Defendant also faces extreme difficulty in the future to obtain employment because he is required to register as a sex-offender. Finally, Defendant agreed to pay restitution in the amount of $206,000 to those victims in the images and videos that Defendant possessed. For these reasons, the Court imposed a sentence of seventy-four (74) months of imprisonment, which this Court found to be sufficient but not greater than necessary to comply with the need for a sentence as defined by 18 U.S.C. § 3553(a)(2).

The Clerk is **DIRECTED** to forward a copy of this Opinion to all Counsel of Record.

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
November 17, 2021